## HARRELL MOTORS, INC. *v.* Theodore A. SWEETEN

CA 81-256                     628 S.W. 2d 878

Court of Appeals of Arkansas
Opinion delivered March 10, 1982

*Laws & Swain, P.A.,* by: *Ike Allen Laws, Jr.* and *William S. Swain,* for appellant.

*William R. Bullock,* of *Bullock, Hardin & McCormick,* for appellee.

LAWSON CLONINGER, Judge. Appellee, Theodore A. Sweeten, filed an action for damages against appellant, Harrell Motors, Inc., alleging that he was entitled to a surplus realized by appellant in the repossession and resale of a truck previously sold to appellant under a security agreement. Following a non-jury trial, appellee was awarded damages of $811.11, and on this appeal, appellant urges that the trial court's finding that a profit resulted from the resale of appellee's vehicle was incorrect.

The findings of the trial court were not clearly erroneous, or clearly against the preponderance of the evidence, and we affirm.

A written contract was in evidence which reflects that the truck, after the repossession by appellant, was sold by appellant to Claude Hixon for the stated price of $5,793. At the time of the repossession, appellee's pay-off balance was $4,727.36. The trial court found that the surplus to be accounted for by appellant was the sale price to Hixon, reduced by appellee's pay-off balance, further reduced by the repossession and resale expenses of $256.53 incurred by appellant.

A representative of appellant testified that the Hixon contract did not reflect the true sale price; that the figure shown was an inflated one employed only as a means to obtain full financing by Chrysler Credit Corporation. The trial court rejected appellant's effort to vary the terms of the written contract by parol testimony, and the court's action is not clearly erroneous. The Uniform Commercial Code, at Ark. Stat. Ann. § 85-9-504 (Supp. 1981), provides that the secured party, after repossession and sale, must account to the debtor for any surplus, and the trial court was justified in finding that there was, in this case, a surplus of $811.11.

Appellant urges that the trial court was in error in finding that appellant failed to give proper notice of the resale, but we hold that such a finding, if made, is not material to the issues of this case. The Code provides that, after repossession, reasonable notification of the time after which a private sale is to be made shall be sent by the secured party to the debtor. In this case, the judgment of the trial court made no reference to the notice requirement. The record reflects that the trial judge did, at one point, comment that appellant failed to give notice, but after counsel for the appellant correctly pointed out that appellant was not seeking a deficiency judgment, the notice requirement was not again mentioned. In any event, the issue of the adequacy of the notice is moot. Appellant was not seeking a deficiency

judgment and there is no indication that the question of notice influenced the judgment rendered.

Affirmed.